BRYAN, Judge.
J.A. (“the father”) and D.A. (“the mother”) appeal from a judgment of the Cherokee Juvenile Court (“the juvenile court”) that concluded that their three children were not dependent and that ordered the custody of the children to be returned to the mother and the father. The mother and the father appealed from that judgment because the juvenile court awarded C.M. (“the maternal aunt”) visitation with the children, despite its conclusion that the children were not dependent.
The record on appeal reveals the following pertinent procedural history. On July 8, 2011, the maternal aunt filed a petition *954 in the juvenile court alleging that the children were dependent. On the same day, the maternal aunt and J.T. (“the maternal grandmother”) filed a verified petition for pendente lite joint custody of the children. Also on July 8, 2011, the juvenile court entered an order awarding pendente lite custody of the children to the maternal grandmother and the maternal aunt. The juvenile court subsequently entered an order allowing the mother and the father to visit the children. On August 5, 2011, the juvenile court entered an order granting pendente lite custody solely to the maternal aunt.
The juvenile court conducted a final hearing on October 27, 2011, and it entered a judgment on November 9, 2011, holding that the children were not dependent. The juvenile court ordered that custody of the children be returned to the mother and the father. However, the juvenile court also awarded the maternal aunt visitation with the children one weekend each month and one week during the summer and allowed the maternal aunt to have telephone contact with the children at least once a week. The mother and the father filed a timely postjudgment motion, arguing, among other things, that the law did not allow an award of visitation to the maternal aunt. Their postjudgment motion was denied by operation of law, see Rule 1(B), Ala. R. Juv. P., and the mother and the father filed a timely notice of appeal.[1]
On appeal, the mother and the father argue that the trial court erred by awarding the maternal aunt visitation with the children after it determined that the children were not dependent. Whether the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, allows for an award of visitation in the circumstances presented in this appeal is a question of law. This court reviews questions of law de novo. See Ex parte Byrom, 47 So.3d 791, 794 (Ala.2010) (citing Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala.2001)) (“Because the issue before us presents a pure question of law, we review the matter de novo, without any presumption of correctness.”).
“Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)) (“ ‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.’ ”).”
T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009) (first emphasis added). Furthermore, this court has held that, in a dependency action, “[i]f a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.” K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010). See also § 12-15-310(b), Ala.Code 1975 (“If the juvenile court finds that the allegations in the [dependency] petition have not been proven *955 by clear and convincing evidence, the juvenile court shall dismiss the petition.”). When a juvenile court determines that a child is not dependent, the juvenile court “lack[s] jurisdiction to enter a judgment affecting the custody of the child.” L.R.J. v. C.F., 75 So.3d 685, 687 (Ala.Civ.App.2011) (citing T.B., 30 So.3d at 431).
In its final judgment, the juvenile court explicitly found that the children were not dependent.[2] Accordingly, the juvenile court did not have jurisdiction to enter a judgment awarding visitation to the maternal aunt or to otherwise “affect the custody” of the children. The only thing the juvenile court had jurisdiction to do after finding that the children were not dependent was to dismiss the dependency petition and to allow the custody of the children to be returned to the mother and the father. See § 12-15-310(b); J.W. v. T.D., 58 So.3d 782, 792 (Ala.Civ.App.2010) (“There is no provision in the Alabama Juvenile Justice Act for the disposition of a child if the child is not proven to be dependent, and, in fact, the Act requires the juvenile court to dismiss the petition.”); and J.L. v. W.E., 64 So.3d 631, 637 (Ala.Civ.App.2010) (in a dependency proceeding, when a child has a parent able and willing to care for him or her, there is no need to conduct the dispositional phase of a dependency proceeding because the child would simply return to his or her parent or parents).
Accordingly, we reverse the juvenile court’s judgment insofar as it awarded the maternal aunt visitation with the children. The cause is remanded with instructions to the juvenile court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. There is an order in the record purporting to deny the mother and the father's post-judgment motion. The order indicates that it was filed in the clerk’s office on December 1, 2011, but there is no indication in the record that the order had been entered. See Rule 58(c), Ala. R. Civ. P. The mother and the father filed their postjudgment motion on November 16, 2011; thus, it was denied by operation of law on November 30, 2011. See Rule 1(B), Ala. R. Juv. P.

. Accordingly, we reject the contention in the maternal aunt’s brief that this court could conclude that there was an implicit finding of dependency in the juvenile court's final judgment, which would have allowed the juvenile court to make any disposition of the children that it found to be in the best interests of the children. See § 12-15-314(a)(4), Ala.Code 1975.