MAIN, Justice.

I. Facts and Procedural History

This is the second time these parties have been before us. The underlying facts are as follows. B.O.S. (“the husband”) and E.S. (“the wife”) began residing together in 2005. Their union produced a daughter, B.T.S. (“the child”), in August 2006. The couple married in March 2007. The husband, the wife, and the child lived in a residence next door to the residence of the *1246 child’s paternal grandfather, O.S. (“the grandfather”), and his wife, J.A.S. (“the stepgrandmother”) (hereinafter referred to collectively as “the grandparents”). It is undisputed that the grandparents spent considerable time with the child and that the child often visited overnight with the grandparents.
At some point in 2005 (during the wife’s pregnancy) and again on at least one occasion in 2007, the grandfather proposed to the wife an action he phrased as being “like an adoption” of the child by the grandparents but, the grandfather claimed, was not actually a legally binding adoption.[1] The grandfather stated to the wife that “nothing would ever change [and] that [the wife] would always be [the child’s] mother.” O.S. v. E.S., 205 So.3d 1219, 1221 (Ala.Civ.App.2013). The grandfather claimed that taking the action he was proposing would enable the child to attend college with the aid of additional Social Security benefits and veteran’s benefits the grandfather would receive because he had “adopted” the child. As far as the husband was concerned, it appears that the grandfather presented him with contradictory statements; the grandfather stated at least once that it would be a “legal adoption” but stated to the husband on another occasion that it would be a “paper adoption only.” O.S. v. E.S., 205 So.3d at 1221.
In August 2007, the husband and the wife agreed to the grandfather’s proposal for a “paper adoption” of the child. The grandfather took the husband and the wife to an attorney’s office, during which time the husband and the wife were presented with and read two documents — a “consent for adoption” and an “affidavit of natural parent.” Both the husband and the wife signed the documents. However, the wife said that she did not sign any other documents; that “nothing had been explained to her” by the lawyer who drafted the two documents she did sign, O.S. v. E.S., 205 So.3d at 1221; that “she had not been given copies of the documents she had signed,” id.; and that “she had not been assisted by her own attorney,” id. Ultimately, on March 11, 2008, the Probate Court of Walker County (“the probate court”) entered a judgment granting the grandparents’ petition to adopt the child.
In January 2010, the husband and the wife separated. The wife took the child, and the wife and the child began residing with the wife’s parents. On February 3, 2010, the husband filed a divorce complaint against the wife in the Walker Circuit Court (“the trial court”). The husband’s complaint requested that the child be removed from the physical custody of the wife and returned to “the adoptive parents, i.e., the grandparents, immediately.” O.S. v. E.S., 205 So.3d at 1220.
The grandparents moved to intervene in the divorce action, asserting that they *1247 were the child’s adoptive parents and seeking immediate pendente lite physical custody of the child. On February 4, 2010, the trial court entered an order allowing the grandparents to intervene in the action, granting their request for pendente lite physical custody of the child, and directing the wife to return the child to the grandparents immediately.
The wife answered the husband’s divorce complaint and also filed in the trial court a document styled as a “counterclaim and independent action” against the grandparents (“the counterclaim”), seeking to set aside the final judgment of adoption rendered by the probate court on March 11, 2008. In her counterclaim, the wife alleged that the grandparents had fraudulently induced her to consent to the grandparents’ adoption of the child. Additionally, the wife alleged that the grandparents had falsely asserted in the adoption petition that the child had resided in the grandparents’ home since the child’s birth; by making that false assertion, the wife claimed, the grandparents had perpetrated a fraud on the probate court.
The grandparents filed in the trial court an answer to the wife’s counterclaim, asserting that the wife’s counterclaim seeking to set aside the probate court’s judgment of adoption “could properly be filed only in the [Walker County] probate court and that the [Walker County] circuit court had no subject-matter jurisdiction to consider the matter.” O.S. v. E.S., 205 So.3d at 1221 (emphasis added). The trial court entered a judgment purporting to set aside the judgment of adoption entered by the probate court, finding that the grandfather had, as the wife had alleged, perpetrated a fraud on the probate court. In an opinion authored by Judge Pittman, a sharply divided Court of Civil Appeals affirmed the trial court’s judgment. O.S. v. E.S., supra (Thomas and Moore, JJ., concurring, and Donaldson, J., dissenting, with writing, which Thompson, P.J., joined).
The grandparents filed a petition for a writ of certiorari with this Court, which we granted. This Court reversed the Court of Civil Appeals’ judgment and remanded the cause, holding that the probate court, rather than the circuit court, had subject-matter jurisdiction over the grandparents’ intervention complaint and the wife’s counterclaim regarding the allegedly fraudulent adoption. Ex parte O.S., 205 So.3d 1233, 1241 (Ala.2014) (“As set forth above, the legislature has given the probate court original jurisdiction over all adoption proceedings, including a challenge to a judgment of adoption on the basis of fraud.”). In remanding the cause, this Court stated, in toto: “Based on the foregoing, we reverse the Court of Civil Appeals’ judgment and remand the matter for further proceedings consistent with this opinion.” 205 So.3d at 1242. We overruled the wife’s application for rehearing without an opinion.
On remand from this Court, the Court of Civil Appeals issued an opinion authored by Judge Pittman on February 27, 2015. That court’s opinion stated, in toto:
“The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. See Ex parte O.S., 205 So.3d 1233 (Ala.2014). On remand to this Court, and in compliance with the supreme court’s opinion, we hereby reverse the judgment of [the trial court] and remand the cause for the entry of a judgment of the [trial court] dismissing [the wife’s] action against [the grandparents] for lack of subject-matter jurisdiction.”
On March 3, 2015 (within the period allowed for the wife to file an application for rehearing), the wife filed with the *1248 Court of Civil Appeals a motion entitled “Motion to Amend Order to Transfer to the Probate Court Pursuant to Ala.Code [1975,] § 12-11-11,” which was treated by that court and will be referred to as the wife’s application for rehearing. In that filing, the wife argued, in pertinent part, that this Court’s mandate in remanding the cause to the Court of Civil Appeals did not require or allow for the dismissal of the adoption contest; instead, the wife argued, the Court of Civil Appeals was “required” to remand the cause to the trial court with directions to transfer the adoption contest from the trial court to the probate court, where, the wife argued, there exists original subject-matter jurisdiction over the matter. The wife’s argument relied on Ala.Code 1975, § 12-11-11, which she referred to as “compulsory”:
“Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.”
(Emphasis added.) The Court of Civil Appeals overruled the wife’s application for rehearing. This Court granted the wife’s petition for the writ of certiorari. We now reverse and remand.

II. Standard of Review

“In reviewing the Court of Civil Appeals’ decision on a petition for the writ of certiorari, ‘this Court “accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.”’ Ex parte Exxon Mobil Corp., 926 So.2d 303, 308 (Ala.2005) (quoting Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996)).”
Ex parte Wade, 957 So.2d 477, 481 (Ala.2006).

III. Discussion

The wife’s argument is brief and straightforward. The wife argues that the Court of Civil Appeals erred in directing the trial court to dismiss the adoption contest for lack of subject-matter jurisdiction when, the wife says, the trial court was instead “required” to transfer the adoption contest from the trial court to the probate court pursuant to § 12-11-11. To use the wife’s words: “[T]he order of [the Court of Civil Appeals on remand] does not comply with [this Court’s] order or with § 12 — li-li, Ala.Code 1975.” In support of her argument, the wife directs our attention to Kish Land Co. v. Thomas, 42 So.3d 1235 (Ala.Civ.App.2010), which states, in pertinent part:
“The plaintiffs and the defendants own various adjoining parcels of land in Bullock County, and they all use their parcels primarily for recreation. The plaintiffs’ parcels are landlocked, having no access to public roads except through one or more of the defendants’ properties that surround their parcels or through parcels belonging to entities not made parties to this case. The plaintiffs filed a complaint in June 2008 in the Bullock Circuit Court (‘the circuit court’) seeking an easement by necessity, condemnation of a right-of-way,1 and a preliminary injunction to prevent the defendants’ blocking the road the plaintiffs wanted to use to access their land during the pendency of the action.
*1249 [[Image here]]
“ ^The parties have since agreed that, pursuant to § 18-3-3, Ala.Code 1975, the proper court for the condemnation action would ■ he the Bullock Prohate Court. In áddition to granting the injunction, the circuit court’s order transferred the case to the probate court, which was proper pursucmt to § 12-11-11, Ala.Code 1975.”
42 So.3d at 1236 (emphasis added).
Both Kish and the statute it cites, § 12-11-11, support the wife’s contention that the Court of Civil Appeals erred in directing the trial court to dismiss the wife’s counterclaim for lack of subject-matter jurisdiction rather than directing that court to transfer the wife’s counterclaim to the probate court. Furthermore, it is notable that the grandparents do not dispute that the wife’s adoption contest should be transferred from the circuit court to the probate court. In the grandparents’ response to the wife’s application for rehearing, they stated:
“Grandparents herein do not dispute that [the Court of Civil Appeals] has the authority to, if it judges the same to be mete and appropriate, amend its Order to the Circuit Court of Walker County, Alabama, permitting it to transfer (or, perhaps more appropriately, determine whether it is appropriate to transfer) the claims of [the wife] concerning the validity of the Grandparents’ 2008 adoption of [the child] to the Probate Court of Walker County, Alabama, for further proceedings. [The wife] correctly cites § 12-11-11, Code of Alabama (1975), which states that where, as here, the circuit court is presented with an action which should have been filed in another court within the county, it ‘shall’ transfer the same.”
(Emphasis added.)
The grandparents also stated:
“Specifically, Grandparents do not dispute that, ivhen the Circuit Court of Walker County, Alabama, was originally faced with the challenge to the prior adoption, of which it had no jurisdiction, § 12-11-11, Code of Alabama (1975), provided for the case to be transferred to the Probate Court of Walker County, Alabama.”
(Emphasis added.)
Based on the foregoing, it is clear that the Court of Civil Appeals erred insofar as it directed the trial court to dismiss the wife’s action against the grandparents for lack of subject-matter jurisdiction; rather, that court should have directed the trial court to transfer the action to the probate court pursuant to Ala.Code 1975, § 12-11-11. Therefore, the judgment of the Court of Civil Appeals is due to be reversed.

IV. Conclusion

We reverse the judgment of the Court of Civil Appeals insofar as it directed the trial court to dismiss the wife’s action against the grandparents for lack of subject-matter jurisdiction. We remand the cause to the .Court of Civil Appeals for that court to vacate its judgment insofar as it directed the trial court to dismiss the wife’s action for lack of subject-matter jurisdiction and to enter a judgment remanding the ease to the trial court and directing the trial court to transfer the wife’s action to the probate court pursuant to Ala.Code 1975, § 12-11-11.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and STUART, BOLIN, PARKER, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW,'JJ., dissent.

. It appears that the stepgrandmother has been only tangentially involved in this case. The Court of Civil Appeals noted:
"The stepgrandmother testified that, during a week when she and the grandfather had been separated, she had written a letter to her attorney, requesting that she be removed as a party from the instant litigation. She acknowledged that she had arranged for the wife to read the letter and that she had told the wife that ‘it was wrong’ for the grandfather to take the child from the husband and the wife.”
O.S. v. E.S., 205 So.3d 1219, 1222 (Ala.Civ.App.2013), The grandfather stood to gain financially from the adoption; specifically, the grandfather would receive additional Social Security benefits in the amount of $739 per month and additional veteran's benefits in the amount of $100 per month after adopting the child.