**Ex parte N.B.**

**(In re N.B.**

**v.**

**J.C.R.).**

**2150281.**

Court of Civil Appeals of Alabama.

March 18, 2016.

William N. Dunn, Birmingham, for petitioner.

·Erin B. Welborn, Columbiana, for respondent.

DONALDSON, Judge.

We are presented with the issue whether a petition filed in a juvenile court, purportedly initiating a dependency action, may be transferred by the juvenile court to a circuit court if it can be determined, based on the petition and other pleadings, that the juvenile court does not have jurisdiction because the proceedings would not result in an adjudication of dependency. In this case, N.B. ("the mother"), the mother of J.R. ("the child"), has petitioned this court to issue a writ of mandamus directing the Shelby Juvenile Court ("the juvenile court") to set aside its December 21, 2015, order transferring the case from the juvenile court to the Shelby Circuit Court ("the circuit court"). Based on *Ex parte E.S.*, 205 So.3d 1245 (Ala.2015), we hold that, pursuant to § 12–11–11, Ala. Code 1975, the juvenile court had the authority to transfer the case.

The child was born in 2001. The mother and the putative father of the child, J.C.R. ("the putative father"), are not married. The putative father resides in Alabama. The child lives with the mother in Florida. On July 27, 2015, the putative father filed a petition in the juvenile court seeking to have the child declared dependent and seeking custody of the child ("the dependency/custody action"). The putative father alleged that the mother left the child in Alabama with him in July 2014 and that, after the child had visited the mother in Florida in June 2015, the mother had refused to return the child to him. Along with his petition, the putative father filed an ex parte motion seeking pendente lite custody of the child.

On July 27, 2015, the putative father filed a separate petition in the Shelby District Court ("the district court") seeking to establish his paternity of the child, to obtain custody of the child, and to require the mother to pay him child support ("the paternity action"). There is no indication that the putative father's paternity has been established. Based on the contentions of the parties and the materials presented to this court, it appears that the paternity action remains pending. Regardless, the paternity action is not at issue in this mandamus proceeding. On July 27, 2015, the juvenile court, in the dependency/custody action, appointed a guardian ad litem for the child and set a hearing on the putative father's motion for pendente lite custody. The mother filed a motion to continue that hearing, which the juvenile court granted. The juvenile court found the mother to be indigent and appointed an attorney to represent her in the case. After a hearing at which both parties were present, the juvenile court entered an order denying the putative father's request for pendente lite custody of the child, but granting the putative father

pendente lite visitation with the child on school holidays.

The trial date was set for November 30, 2015. On November 25, 2015, the mother filed a motion seeking to reset the trial date, and, at her request, the trial was continued to December 21, 2015.

On December 20, 2015, the mother filed a motion to dismiss the case, arguing that, the child, who was over 12 years old at the time the petition was filed, never received proper service of process pursuant to Rule 13(A)(1), Ala. R. Juv. P., which provides, in pertinent part: "After a petition alleging that a child is ... dependent ... has been filed, summonses shall be issued to the child, if he or she is 12 or more years of age...." She also argued that the allegations in the putative father's petition presented only a custody dispute between the parents and that the facts alleged in the petition were insufficient to invoke the subject-matter jurisdiction of the juvenile court to adjudicate the child dependent.

On December 21, 2015, the juvenile court entered an order, finding in part:

"Based upon a review of the pleadings, the Court finds that the allegations within said Petition constitute nothing more than a custody petition between two parents, that any allegations which tend to allege the child is dependent merely constitute allegations as why the petitioner should obtain custody as opposed to the respondent, and that the allegations of dependency merely recite the definition of a dependent child under Section 12–15–102(8)(a) of the Code of Alabama, not specifically alleging any specific allegations of dependency that can be proven in this matter.

"As the Court finds that this matter constitutes a custody case between two parents, it is the order of this Court that this matter be and is hereby transferred

to the Circuit Court of Shelby County, Alabama for further proceedings."

On December 26, 2015, the mother filed a motion to set aside the juvenile court's December 21, 2015, order, contending in part that the juvenile court should have dismissed the putative father's petition, that the transfer to circuit court violates the statutory requirement of confidentiality imposed in juvenile cases, and that the juvenile court lacked personal jurisdiction over her and over the child. After the juvenile court denied her motion, the mother filed her petition in this court on December 30, 2015, seeking a writ of mandamus directing the juvenile court to set aside its order transferring the case to the circuit court. In her mandamus petition, the mother raises the same arguments she asserted in her motion to set aside. The putative father has filed an answer to the petition and a brief in support of his position.

 A petition for the writ of mandamus is an appropriate means to seek to set aside an order transferring a case to another court.

> " 'Where the trial court has improperly ordered a transfer, mandamus against the transferor court is an appropriate remedy, notwithstanding the fact that an order has been entered which moves the case to the transferee court. The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer.'
>
> "2 Champ Lyons, Jr., *Alabama Rules of Civil Procedure Annotated* § 82.4, p. 553 (3d ed.1996) (citations omitted)."

*Ex parte MedPartners, Inc.,* 820 So.2d 815, 821 (Ala.2001).

" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' "

*Ex parte A.M.P.,* 997 So.2d 1008, 1014 (Ala.2008) (quoting *Ex parte Perfection Siding, Inc.,* 882 So.2d 307, 309–10 (Ala. 2003), quoting in turn *Ex parte Integon Corp.,* 672 So.2d 497, 499 (Ala.1995)).

 The mother argues that the juvenile court lacked authority to transfer the case to the circuit court and that the juvenile court was required, instead, to dismiss the case upon finding that it lacked subject-matter jurisdiction. Juvenile courts have "exclusive original jurisdiction" over "proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision." § 12–15–114(a), Ala.Code 1975. It is well established that

> " '[i]f a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.' *K.C.G. v. S.J.R.,* 46 So.3d 499, 501–02 (Ala.Civ.App.2010). *See also* § 12–15–310(b), Ala.Code 1975 ('If the juvenile court finds that the allegations in the [dependency] petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.'). When a juvenile court determines that a child is not dependent, the juvenile court 'lack[s] jurisdiction to enter a judgment affecting the custody of the child.' *L.R.J. v. C.F.,* 75 So.3d 685, 687 (Ala.Civ.App.2011) (citing *T.B. [v. T.H.],* 30 So.3d [429] at 431 [ (Ala.Civ.App.2009) ] )."

*J.A. v. C.M.,* 93 So.3d 953, 954–55 (Ala.Civ. App.2012).

In this case, the juvenile court determined that the pleadings did not sufficiently allege that the child was dependent and that the proceedings would not result in an adjudication of dependency because the case involved only a custody dispute between the child's parents. "A dependency action shall not include a custody dispute between parents." § 12–15–114(a). Without any other independent basis for assuming jurisdiction, the juvenile court lacked subject-matter jurisdiction to adjudicate a petition for custody. See *Ex parte M.M.T.*, 148 So.3d 728, 733 (Ala.Civ. App.2014) (holding that juvenile court lacked subject-matter jurisdiction over petition that sought determination of a custody dispute). Instead of dismissing the case, however, the juvenile court entered an order transferring the case to the circuit court.

Because the underlying action is a custody dispute between the parents, the circuit court has exclusive jurisdiction. " 'Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue.' " *Ex parte K.L.P.*, 868 So.2d 454, 456 (Ala.Civ. App.2003) (quoting 47 Am.Jur.2d *Juvenile Courts* § 4 (1995)). The mother claims, however, that the juvenile court had no authority to transfer the case to the circuit court.

> "[I]t is well established that ' " '[u]nless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.' 21 C.J.S. *Courts* § 502, p. 769 . . . . " ' *Ex parte Boykin*, 611 So.2d 322, 326 (Ala.1992) (quoting *Allen v. Zic-*

*kos,* 37 Ala.App. 361, 364, 68 So.2d 841, 843 (1953))."

*Hughes v. Branton,* 141 So.3d 1021, 1027 (Ala.2013).

Opinions of this court have, nonetheless, implicitly approved of such transfers. See *Brock v. Herd,* 187 So.3d 1161, 1165 (Ala. Civ.App.2015) (concluding that juvenile court's transfer of custody case to circuit court was proper when there were no allegations of dependency); *R.Z. v. S.W.,* 141 So.3d 1099, 1101–02 (Ala.Civ.App.2013) (holding that, because "[t]here is no indication that the initial child-custody and support order was entered in the context of a dependency proceeding," "the juvenile court did not acquire jurisdiction over the father's petition to modify, and the case was properly transferred to the circuit court"). In this case, however, we must directly address the authority for such transfers.

■ The putative father argues that § 12–11–9, Ala.Code 1975, provides authority for transferring the case to the circuit court; that Code section provides:

> "If a case filed in the circuit court is within the exclusive jurisdiction of a district court or a case filed in the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court, and the clerk shall make such cost and docket fee adjustments as may be required and transfer all case records."

■ Section 12–11–9 authorizes the transfer of a case from the district court to the circuit court, but not from the juvenile court to the circuit court. We note that a juvenile-court judge may be a district-court judge. § 12–15–103, Ala.Code 1975; Rule 2(A), Ala. R. Juv. P. Furthermore, a

juvenile-court judge who is also a district-court judge "shall have and exercise full jurisdiction and power of the juvenile court and of the district court of the State," Rule 2(C), Ala. R. Juv. P., but not, however, at the same time, i.e., the judge only exercises jurisdiction and power over a case that is properly within the jurisdiction of the applicable court. See, e.g., *T.B. v. T.H.*, 30 So.3d at 433 (holding that juvenile-court judge who was also a circuit-court judge could not rule on a custody dispute that had been filed in the juvenile court). The juvenile court is a separate, distinct court from the circuit and district courts, with separate jurisdiction. Therefore, § 12–11–9 does not provide the authority to transfer a case from the juvenile court to the circuit court.

■ The putative father also relies on § 12–11–11, which provides:

"Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred."

■ Generally, when a court determines it has no subject-matter jurisdiction over a case, the court may take no action other than to dismiss the case, and any other action is void. See, e.g., *Ex parte Blankenship*, 893 So.2d 303, 307 (Ala.2004) (holding that any action taken by a court without jurisdiction, other than to dismiss a case, is void); see also *J.A. v. C.M.*, 93 So.3d 953, 955 (Ala.Civ.App.2012) ("The

only thing the juvenile court had jurisdiction to do after finding that the children were not dependent was to dismiss the dependency petition and to allow the custody of the children to be returned to the mother and the father."). But in *Ex parte E.S.*, supra, our supreme court held that a circuit court should not have dismissed a case that was within the exclusive jurisdiction of the probate court but had been filed in the circuit court. Instead, our supreme court held, despite the lack of jurisdiction, the circuit court was required to "transfer" the case to the probate court pursuant to § 12–11–11. We note that, unlike § 12–11–9, which refers specifically to transfers between circuit courts and district courts, § 12–11–11 authorizes "the court" in a given county to transfer a case to another court in the same county, without further limitation. Predecessors to § 12–11–11 appear to have authorized only transfers between divisions of the circuit court and between the law and equity "sides" of the circuit court. See *Ex parte E.S.*, 205 So.3d at 1250 (Shaw, J., dissenting). Section 12–11–11, however, contains no such limitation and, when read literally, provides the authority for the transfer in this case. Here, the juvenile court transferred a case that "should have been brought in another court in the same county" to the appropriate court, i.e., the circuit court. § 12–11–11. Based on the rationale of *Ex parte E.S.* and the interpretation of § 12–11–11 contained therein, the juvenile court was not required to dismiss a case over which it had no jurisdiction but, instead, pursuant to § 12–11–11, was required to transfer the case to the circuit court.

■ The mother next argues that the transfer order violates the confidentiality requirements of § 12–15–133, Ala.Code 1975; subject to certain exceptions not pertinent in this case, that Code section, in

pertinent part, protects specific information and records:

"(a) The following records, reports, and information acquired or generated in juvenile courts concerning children shall be confidential and shall not be released to any person, department, agency, or entity . . . :

"(1) Juvenile legal files (including formal documents as petitions, notices, motions, legal memoranda, orders, and decrees).

"(2) Social records . . .

"(3) State Criminal Justice Information System records.

"(4) Juvenile criminal sex offender notification records.

"(b) The records, reports, and information described in subsection (a) shall be filed separately from other files and records of the court. The juvenile legal files described in subdivision (1) of subsection (a) shall be maintained in a separate file from all other juvenile records, reports, and information."

We can discern no reason why the confidentiality requirements in § 12–15–133 would not still apply to the records accumulated in a juvenile-court proceeding when that proceeding is transferred. As noted by the mother, a party can file in the circuit court a motion to seal a portion of the records from public access. See, e.g., *Holland v. Eads*, 614 So.2d 1012 (Ala.1993) (providing a procedure for the sealing of certain records). Any inconvenience created by having to meet additional procedural requirements in the circuit court to ensure confidentiality of the juvenile records does not provide a sufficient basis for issuing a writ of mandamus directing the juvenile court to vacate its transfer order.

■ The mother also contends that the juvenile court lacked personal jurisdiction over her and the child. She argues that the child was not properly served with process as required by Rule 13(A)(1), Ala. R. Juv. P. The juvenile court, however, determined that the case did not involve a dependency proceeding, which the mother does not contest. As a result, service of process upon the child was not required under Rule 13(A)(1), and that issue is moot. See *Chapman v. Gooden*, 974 So.2d 972, 983 (Ala.2007) (quoting *Case v. Alabama State Bar*, 939 So.2d 881, 884 (Ala. 2006), quoting in turn *American Fed'n of State, Cty. & Mun. Empls. v. Dawkins*, 268 Ala. 13, 18, 104 So.2d 827, 830–31 (1958)) (" ' "A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned." ' ").

■ The mother further argues in her mandamus petition that she was never personally served with process. Rule 13(A)(4), Ala. R. Juv. P., provides that "[a]n adult who is a party may waive service of the summons by written stipulation or by voluntary appearance at the hearing." The materials before us show that the mother filed a motion to continue the hearing regarding the father's motion for pendente lite custody of the child, appeared at that hearing, filed a motion to reset the trial date, and filed a motion to dismiss without raising a defense in regard to the juvenile court's personal jurisdiction over her or a deficiency in service. The mother's arguments in her mandamus petition regarding the voluntariness of her appearance relate to her concerns over what would have happened if she did not appear, and she claims in her petition that those fears arose "upon receipt of the summons." Further, the mother did not raise any alleged deficiency in the service of process or a lack-of-personal-jurisdiction

defense until she filed her motion to set aside the transfer order.

" 'Service of process is not essential if the party intended to be served appears and defends and submits himself to the jurisdiction of the court. The purpose of process is to bring the defendant into court and may be by him waived.... We consider the appearance requesting a continuance to be a general appearance because we have said that if a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general.' "

*R.M. v. Elmore Cty. Dep't of Human Res.,* 75 So.3d 1195, 1200 (Ala.Civ.App.2011) (quoting *Persons v. Summers,* 274 Ala. 673, 681, 151 So.2d 210, 214–15 (1963)). The mother failed to object to the juvenile court's exercise of personal jurisdiction when she filed several motions in that court including a motion to continue. We conclude that the mother voluntarily appeared in the dependency/custody action and thereby waived her argument that she received insufficient service of process.

For the foregoing reasons, we deny the mother's petition for the writ of mandamus.

PETITION DENIED.

PITTMAN, J., concurs.

THOMPSON, P.J., concurs in the result, with writing, which THOMAS, J., joins.

MOORE, J., concurs in the result, without writing.

THOMPSON, Presiding Judge, concurring in the result.

I recognize that this court is bound by the precedent established by our supreme court. § 12–3–16, Ala.Code 1975; *Farmers* *Ins. Exch. v. Raine,* 905 So.2d 832, 835 (Ala.Civ.App.2004). In this case, the decision in *Ex parte E.S.,* 205 So.3d 1245 (Ala. 2015), appears to control the disposition of this mandamus proceeding because the juvenile court, upon reviewing the pleadings, determined that the allegations in the dependency/custody petition filed by J.C.R., the child's putative father, did not invoke the jurisdiction of that court under the dependency statute. However, I write to express my agreement with the dissent authored by Justice Shaw and joined by Justice Murdock in *Ex parte E.S.,* supra. I believe the decision in *Ex parte E.S.* is not in accord with other precedent that has established that a court without jurisdiction must dismiss the action before it and that § 12–11–11, Ala.Code 1975, was likely never intended to expand the jurisdiction of the juvenile court. *See Ex parte E.S.,* 205 So.3d at 1250 (Shaw, J., dissenting). I concur in the result reached in this opinion.

THOMAS, J., concurs.