SHAW, Justice
(concurring specially).
This petition for a writ of mandamus challenges whether the Shelby Juvenile Court could transfer an action—over which it had no jurisdiction—to the Shelby Circuit Court. The petitioner, N.B., initially filed a petition seeking mandamus relief in the Court of Civil Appeals, which denied the petition. Ex parte N.B., 204 So.3d 887 (Ala.Civ.App.2016) (opinion of Donaldson, J., joined by Pittman, J.). N.B. has now filed a petition for a writ of mandamus in this Court raising the same challenge.
The background facts in this case are explained in the Court of Civil Appeals’ opinion, and, for purposes of this writing, there is no need to repeat them. It is sufficient to note that the juvenile court determined that it had no jurisdiction over the action and purported to transfer it to the circuit court.
In the Court of Civil Appeals, N.B. argued that, because the juvenile court had no jurisdiction, its only option was to dismiss the case. The Court of Civil Appeals held, however, under the authority of this Court’s decision in Ex parte E.S., 205 So.3d 1245 (Ala.2015), that the juvenile court was empowered under Ala. Code 1975, § 12-11-11, to transfer the action.
I dissented in Ex parte E.S. because I believed that the issue presented in that case—whether a circuit court was required by § 12-11-11 to transfer an action over which it had no jurisdiction—was not properly presented for appellate review.[1] In the instant case, the issue of the correct meaning of § 12-11-11 is properly before us. For the reason discussed below, I do not believe that the Code section has application in this case.
The “intent” of the legislature is expressed in the language of a statute. When the language is plain and unambiguous, then that language must be enforced as written in order to put into effect that “intent.”
*1161 “The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). See also Ex parte T.B., 698 So.2d 127, 130 (Ala.1997), and Ex parte Ankrom, 162 So.3d 397, 431 (Ala.2013) (Shaw, J., concurring in part and concurring in the result) (stating that when “[t]he language of [a] Code section is deary there is nothing to construe [and] no need to attempt to divine the ‘intent’ of the legislature”). However, if the language of a statute is not “plain” or is ambiguous, then we must construe it in order to determine the legislature’s intent. City of Pike Road v. City of Montgomery, 202 So.3d 644 (Ala.2015) (“Because the plain language of § 11-40-10 does not give explicit guidance on this issue, we must ascertain the legislature’s intent through other means.”); Dennis v. Pendley, 618 So.2d 688, 690 (Ala.1987) (“It is the court’s function to make clear the intent of the legislature when some degree of ambiguity is found in a statute.”); and Johnson Controls, Inc. v. Liberty Mut. Ins. Co., 160 So.3d 249, 270 (Ala.2014) (Shaw, J., dissenting) (“We ‘construe’ a statute only when it is ambiguous .... ”).[2]
Section 12-11-11 states, in pertinent part:
“Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court .... ”
In my dissent in Ex parte E.S., I noted an ambiguity in § 12-11-11: “It is not immediately clear what court is ‘the court’ designated in the first clause.” 205 So.3d at 1250 (Shaw, J., dissenting).. Specifically, the use -of the definite article “the” before the word “court” indicates specificity. “The word ‘the’ is a definite article, and unlike ‘a’ or ‘an,’ that definite article suggests specificity.” 1A Norman J. Singer and J.D. Shambie Singer, Statutes and Statutory Construction § 21:16, at 36 (7th ed. 2009) (Supp. 2015-2016). As another court has explained: “‘[T]he’ is ‘[a]n article which particularizes the subject spoken of. In. construing [a] statute, [the] definite article “the” particularizes the subject which it precedes and is [a] word of limitation as opposed to [the] indefinite or generalizing force [of] “a” or “an.”’” Yellowbird v. North Dakota Dep’t of Transp., 833 *1162 N.W.2d 536, 539 (N.D.2013) (quoting Black’s Law Dictionary 1477 (6th ed. 1990)).
The use of the definite article “the” preceding the word “court” is a limitation; the Code section does not use the indefinite article “a” and state that “a court” without jurisdiction shall transfer the case, which language could be interpreted' to mean that the Code section applied to any court. See Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 902, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring in part and concurring in the judgment) (“[The Appointments Clause] refers to ‘the Courts of Law.’ Certainly this does not mean any ‘Cour[t] of Law’.... The definite article ‘the’ obviously narrows the class of eligible ‘Courts of Law’.... ”). Section 12-11-11 thus refers to a specific or particular court, but that court is not designated in the Code section. We do not, from the plain language of the Code section, know which particular court may transfer a case when it has no jurisdiction. To determine what “court” is “the court” referred to in the Code section, we must look beyond the text to determine the legislature’s intent.
In my dissent in Ex parte E.S., I discussed the prior history and use of § 12-11-11:
“What is now Ala. Code 1975, § 12-11-11, was originally enacted as § 4 of Act No. 725, Ala. Acts 1915. That entire act dealt with the transfer of a case erroneously filed in the law or equity ‘side’ of the circuit court to the proper ‘side’ of that court. When codified as part of the Code of Alabama 1940, what is now § 12-11-11 stated:
“Whenever it shall appear to any court of law or equity that any cause filed therein should have been brought in another court of like jurisdiction in the same county, the court shall make an order transferring the cause to the proper court .... ’
“Ala. Code 1940, Tit. 13, § 156.
“Although ostensibly dealing with transfers between the law and equity ‘sides’ of the circuit courts, the section was also used as a mechanism to transfer cases, in counties in which the court sat in divisions, from one division of the circuit court to another division of that circuit court in that county. See, e.g., Ex parte Central of Georgia Ry., 243 Ala. 508, 513, 10 So.2d 746, 750 (1942). This prior version of § 12-11-11 clearly applied only to the transfer of a circuit court case to another court of equal— ‘like’—jurisdiction.”
Ex parte E.S., 205 So.3d at 1250 (Shaw, J., dissenting). Thus, the Code section was used for “horizontal” transfers of cases between the law and equity sides of circuit courts or between “divisions” of those circuit courts.
Upon the adoption of the Alabama Rules of Civil Procedure, the language of Ala. Code 1940, Tit. 13, § 156, was modified to that currently found in § 12-11-11.[3] Specifically, the Code section was altered to remove the language referring to “law or equity” and requiring a transfer to a court of “like jurisdiction.” See Appendix III, Statutes Modified, Ala. R. Civ. P. The Committee Comments state:
“The substance of this statute will still have some utility in courts coming under the rules because, in some instances, *1163 statutes require that certain cases be brought in a particular division when the circuit court or court of like jurisdiction is so divided.
“The clause deletes the phrase ‘of law or equity' which would be an inappropriate description of courts coming under the new rules, since law and equity are amalgamated in such courts.”
Appendix III, Statutes Modified, Ala. R. Civ. P., Committee Comments to Ala. Code 1940, Tit. 13, § 156 (emphasis added).[4]
It is clear that the alterations made to the Code section—the difference between the language of Ala. Code 1940, Tit. 13, § 156, and § 12-11-11—were not intended to allow an expansion of the ability to transfer cases to courts other than circuit courts, or to allow a “vertical” as opposed to “horizontal” transfer of cases. Instead, the alterations were simply to remove the language referring to the distinction between law and equity, which language was superseded by the Rules of Civil Procedure, because there was no longer a need for a statute to allow the transfer of cases between the law and equity “sides” of the circuit court. The Code section was retained, however, because it still had a use in transferring cases between the divisions of the circuit court.[5] That understanding of the Code section continued. As I stated in Ex parte E.S.:
“[Section] 12-11-11 has not, as far as my research reveals, ever been held to require a ‘vertical' transfer from a circuit court to a lower court. Given the history of the Code section, as recounted above, there is reason to suspect that- it was never ‘intended’ to do so.”
Ex parte E.S., 205 So.3d at 1250 (Shaw, J., dissenting) (footnote omitted).
Given the use of the limiting term “the court,” it appears that § 12-11-11 was “intended” to apply to a particular court. Given the original act from which § 12—11-11 derives and the prior interpretation and use of that act for “horizontal” transfers between circuit courts, it appears that § 12-11-11 was “intended” to allow a transfer by one circuit court lacking jurisdiction to another circuit court. The Committee Comments explaining the modifications to the Code section effected by the adoption of the Alabama Rules of Civil Procedure confirm this interpretation.
Further, I do not believe that the Code section can be said to have “intended” to allow a district court to transfer a case to a circuit court, which expands the holding of Ex parte E.S. First, the history provides that the Code section allowed a transfer of cases only to a “court of like jurisdiction,” and it was not modified with the intent to change that history. Additionally, Ala. Code 1975, § 12-11-9, which was adopted in 1975, provides that circuit courts, when they lack jurisdiction, have the power to transfer a case to district court, and vice versa. That Code section is superfluous and redundant if § 12-11-11 allows the same. In other words, if § 12-11-11 allows any court to transfer a case to any other court in that county, then why would the legislature have enacted § 12-11-9 to allow circuit courts and district courts—and *1164 only .those courts—to transfer cases- to each other? If that would already be permissible under .the purportedly much broader transfer powers of § 12-11-11, then § 12-11-9, covering the more limited transfers, would be unnecessary. There was no need to enact § 12-11-9 if § 12-11-11 allowed the same transfers. It is presumed, however, that the legislature does not enact redundant or superfluous statutes. Ex parte Uniroyal Tire Co., 779 So.2d 227, 236 (Ala.2000). Thus, I cannot conclude that § 12-11-11 allows the type of “vertical” transfers discussed in Ex parte E.S. or the Court of Civil Appeals’ decision below.
I do not believe that § 12-11-11 would allow the juvenile court in the instant case to transfer the action to the circuit court. However, the mandamus petition before this Court, while attempting to distinguish Ex parte E.S. and citing my dissent in-that case, does not present an analysis sufficient tu-allow us to hold § 12-11-11 ambiguous and thus depart from its plain meaning. For that reason, I cannot hold that the petition demonstrated a “clear legal right to the order sought”; therefore, I must concur to deny the petition. Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). I note that the Court of Civil Appeals’ decision is an opinion of two judges and that, in the future, another party may seék to have this Court reconsider it and Ex parte E.S.

.
"I do not believe that E.S.’s application for rehearing contained sufficient argument or authorities to explain and support the contention that a transfer under § 12—11— 11, and not a dismissal—the usual result when a trial court lacks jurisdiction—was required. ... Therefore, the issue whether the Court of Civil Appeals’ decision was, in light of § 12-11-11, inconsistent with this Court’s mandate was waived.”
Ex parte E.S., 205 So.3d at 1251-52 (Shaw, J., dissenting).

. The purpose of the plain-meaning rule—to give effect to the legislature’s words when determining its intent—is rooted in the doctrine of separation of powers: “To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers." DeKalb Cty. LP Gas Co., Inc. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998). See also City of Bessemer v. McClain, 957 So.2d 1061, 1082 (Ala.2006) (Harwood, J., concurring in part and dissenting in part) (“This deference to'the ordinary and plain meaning of the language of a statute is not merely a matter of an accommodating judicial philosophy; it is a response to the constitutional mandate of the doctrine of the separation of powers set out in Art. III, § 43, Alabama Constitution of 1901 To deviate from the legislature’s plain and unambiguous language is to rewrite the statute and to exercise legislative powers’. Ala. Const. 1901, Art. III, § 43 (providing that the judicial department “shall never exercise the legislative and executive powers”).

. In my dissent in Ex parte E.S., I suggested that the Code section was altered in the 1975 codification of the Code. Further research reveals that alteration was undertaken upon the adoption of the Alabama Rules of Civil Procedure, and first published in the 1975 Code. The entry for § 12-11-11 in Alabama Code of 1975, volume 11, fails to indicate that an alteration took place.

. The current text of § 12-11-11 was modified by this Court's adoption of the Alabama Rules of Civil Procedure. Whether the separation-of-powers concerns that require the use of the plain-meaning rule apply in this context I leave to another day.

.
"It would appear that, following the merger of law and equity, the original purpose of Act No. 725, including the prior version of § 12-11-11, no longer existed. Because transfers to lower courts were covered by other Code sections, § 12-11-11 was probably retained and amended to preserve its other historical use as a means to transfer cases between divisions in the circuit courts.”
Ex parte E.S., 205 So.3d at 1251 n. 4 (Shaw, J., dissenting).