MURDOCK, Justice
(dissenting).
In Ex parte E.S., 205 So.3d 1245 (Ala. 2015), I joined Justice Shaw’s dissent rejecting the use of Ala. Code 1975, § 12—11-11, as a basis for the juvenile court to transfer to a circuit court, rather than to dismiss, a petition deemed -to present a “mere-custody dispute” rather than a dependency case. In the present ease, this Court denies review of such a transfer by the trial court. Consistent with my vote in Ex parte E.S., I-respectfully dissent.
The statute upon which. Ex parte E.S. was based, § 12-11-11, has not changed since 1975. Yet, until recently (including during my tenure as a judge on the Court of Civil Appeals from 2000 to 2006) both the Court of Civil Appeals arid this Court understood that a dismissal, rather than a transfer, was the proper outcome in a case such as this. As recently as 2012, the Court of Civil Appeals explained that “‘[i]f a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.’” J.A. v. C.M., 93 So.3d 953, 954-55 (Ala.Civ.App.2012) (quoting K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010), and also quoting with approval Ala. Code 1975, § 12-15-310(b), to the effect that “ ‘[i]f the juvenile court finds that the allegations in the [dependency] petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition’ ”), Furthermore, as this Court reiterated in 2013:
“[I]t is well established that ‘ “ ‘[u]nless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.’ 21 C.J.S. Courts § 502, p. 769....” ’ Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992) (quoting Allen v. Zickos, 37 Ala.App. 361, 364, 68 So.2d 841, 843 (1953)).”
Hughes v. Branton, 141 So.3d 1021, 1027 (Ala.2013).
In accordance with the foregoing, I respectfully dissent.